UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:20-CR-00063-DCLC-CRW |
| v. | ) |
| ANDREA CARMEN JOHNSON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 691]. Pursuant to Standing Order SO-24-05, Federal Defender Services of Eastern Tennessee ("FDS") filed a Supplemental Motion [Doc. 703]. The United States responded in opposition, [Doc. 710], and FDS filed a Reply [Doc. 714]. For the reasons below, Defendant's motion is **DENIED**.

**I.    BACKGROUND**

In August 2019, law enforcement identified co-defendant Clarence L. Benjamin as a suspected drug dealer [Doc. 387, ¶¶ 10–12]. Investigation revealed that Defendant was Benjamin's girlfriend and implicated her in activity consistent with delivering drugs [Doc. 387, ¶ 11]. On July 23, 2020, agents searched Benjamin and Defendant's shared residence and discovered approximately 6 kilograms of methamphetamine, 70 grams of heroin, a loaded semi-automatic pistol, and a large amount of cash [Doc. 387, ¶ 12]. The heroin and pistol were in their shared bedroom, with the pistol stored in a safe [Doc. 387, ¶ 12; Doc. 694, pg. 25; Doc. 703, pg. 2]. Defendant later admitted that she delivered drugs, drove Benjamin to sell drugs, and picked up cash proceeds at his direction [Doc. 387, ¶ 13].

On September 29, 2021, Defendant pleaded guilty to one count of conspiracy to distribute more than 100 grams of heroin [Docs. 278, 300]. The Presentence Investigation Report ("PSR") was disclosed on December 15, 2021 [Doc. 387]. It recommended applying a two-level enhancement for possession of a firearm [Doc. 387, ¶ 23]. *See* U.S.S.G. § 2D1.1(b)(1). It did not assess any criminal history points [Doc. 387, ¶¶ 37]. Based on a total offense level of 29 and criminal history category I, Defendant's guideline range was 87 to 108 months [Doc. 387, ¶ 56]. The Court departed from her guideline range at sentencing and sentenced her to 63 months' imprisonment [Doc. 517, pg. 2].

While in custody of the Bureau of Prisons ("BOP"), Defendant has engaged in programming and obtained her GED, [Doc. 710-1], but she has also incurred two disciplinary infractions [Doc. 710-3]. On June 3, 2022, she was found in an unauthorized area [*Id.*]. On December 11, 2022, she possessed drugs or alcohol [*Id.*]. Defendant is currently housed at FCI Aliceville with a projected release date of January 16, 2025. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (last visited May 21, 2024).

Effective November 1, 2023, Guideline Amendment 821, Part B, subpart 1 added a two-level reduction for defendants who received zero criminal history points under Chapter Four, Part A of the Guidelines. *See* U.S.S.G. § 4C1.1(a). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II. LEGAL STANDARD

A district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, "[a] district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant

2

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). But "proceedings

under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

**III.   ANALYSIS**

Defendant argues she is eligible for a sentence reduction under the new U.S.S.G. § 4C1.1(a), which permits courts to reduce by two offense levels for defendants who satisfy a list of specific criteria [Doc. 703, pg. 6]. To qualify, among other things, she must have received zero criminal history points and must not have "possess[ed] . . . a firearm . . . in connection with the offense . . . ." U.S.S.G. § 4C1.1(a)(1), (a)(7). This adjustment is available retroactively. U.S.S.G. § 1B1.10(d). She bears the burden of proving by a preponderance of the evidence that she satisfies this criterion. *See, e.g., United States v. Reinberg*, 62 F.4th 266, 268 (6th Cir. 2023) ("The defendant bears the burden of proving by a preponderance of the evidence that she meets each and every criterion") (internal citation and quotation marks omitted).

She contends that simply having received the gun enhancement does not automatically disqualify her from the zero-point offender reduction, [Doc. 703, pg. 7], and the Government concedes that [Doc. 710, pg. 5]. Nonetheless, the Government argues that Defendant in fact possessed a firearm, so she does not meet the criteria for the reduction [Doc. 710, pgs. 5–6].

Defendant contends nothing in the record indicates that she possessed a gun [Doc. 703, pg. 10]. She asserts the Government has previously taken the position that the gun "obvious[ly]" belonged to Benjamin [Doc. 703, pg. 10]. But in the cited portion of Benjamin's sentencing transcript, it was not the Assistant United States Attorney who made that statement; it was counsel for Benjamin [*See* Doc. 694, pg. 18].

In any event, even if Benjamin owned the firearm, the Government argues Defendant constructively possessed the firearm because it was in the room she shared with him [Doc. 710,

4

pgs. 5–6]. "Possession . . . need not be exclusive but may be joint." *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973) (citations omitted). Constructive possession requires "that the defendant (1) knew that the thing was present, and (2) intended to exercise . . . dominion or control over it." *United States v. Bailey*, 553 F.3d 940, 945 (6th Cir. 2009). Standing alone, "nonexclusive possession of the premises cannot establish constructive possession over items found within the premises." *Id.* at 944 n. 3 (6th Cir. 2009). "[W]here possession of premises is nonexclusive, the evidence must show some additional connection between the defendant and the firearm to establish constructive possession." *United States v. Luna-Santillanes*, 554 F. App'x 402, 409 (6th Cir. 2014) (citing *Bailey*, 553 F.3d at 944 n. 3). "The 'quantum of evidence' needed to make that showing, however, is 'minimal.'" *United States v. Latimer*, 16 F.4th 222, 226 (6th Cir. 2021) (quoting *United States v. Walker*, 734 F.3d 451, 456 (6th Cir. 2013)). In particular, the Sixth Circuit has "repeatedly and frequently held that constructive possession may be shown to exist if the contraband is found in a defendant's bedroom or personal living space." *United States v. Malone*, 308 F. App'x 949, 952–53 (6th Cir. 2009) (collecting cases).

Here, Defendant contends "nothing in the existing record objectively indicates that [she] knew that Mr. Benjamin had a gun in his safe, much less that she intended to exercise dominion or control over it" [Doc. 714, pg. 5]. But as Defendant concedes, she bears the burden of showing her eligibility for the § 4C1.1 reduction [Doc. 703, pg. 8]. She has not done so. There is ample evidence that she constructively possessed the firearm. She admitted her involvement in the conspiracy's drug-trafficking activities, and law enforcement found the gun and 70 grams of heroin in the bedroom she shared with her boyfriend and co-conspirator Benjamin [Doc. 387, ¶ 12].

The next issue is whether the gun was possessed in connection with the offense. "When determining whether the firearms were connected to the particular offence, this court considers

5

factors such as 'the proximity of the firearm to the drugs, the type of firearm involved, whether the firearm was loaded, and any alternative purpose offered to explain the presence of the firearm.'" *United States v. Bish*, 835 F. App'x 858, 861–62 (6th Cir. 2020) (quoting *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002)).

Here, the PSR, which was adopted as the findings of the court, indicate that the loaded semi-automatic pistol and the heroin for which Defendant was held accountable were found in Defendant's bedroom that she shared with her co-Defendant and boyfriend Benjamin [Doc. 387, ¶ 12]. The proximity of the firearm to the drugs weighs against Defendant as they were both in the same room. The type of firearm involved – a semiautomatic pistol – also weighs against Defendant. And, the fact that the firearm was loaded also weighs against Defendant. These firearms were found in the home where approximately six (6) kilograms of methamphetamine and over $98,000 in cash were also stored. Indeed, her sentence was enhanced two levels for maintaining a premises for the purpose of distributing controlled substances [Doc. 387, ¶ 24]. Finally, she does not proffer any alternative explanation for the presence of the loaded semiautomatic pistol. These factors all suggest Defendant not only constructively possessed the firearm, but she did so "in connection with the offense." U.S.S.G. § 4C1.1(a)(7). On these facts, the Court finds Defendant possess a firearm in connection with the offense. Thus, she is ineligible for a sentence reduction under Part B of Amendment 821.

Even if Defendant were eligible, the § 3553(a) factors would not favor a reduction. To her credit, she has engaged in BOP programming and obtained her GED [Doc. 710-1]. But, since arriving at the BOP, Defendant has incurred disciplinary infractions for being in unauthorized areas and for possessing drugs or alcohol [Doc. 710-3]. Her drug trafficking offense makes her possession of substances at the BOP all the more concerning as it shows she continues to obtain

unauthorized substances despite already being punished for similar conduct. Given Defendant's continued difficulties with following the rules, a sentence reduction would fail to promote respect for the law and deter Defendant and others from similar crimes.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Reduction of Sentence [Doc. 691] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge